# DAVIS v. KEY.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued October 18, 1887. — Decided October 31, 1887.

A decree dismissing a bill for a partnership accounting affirmed, on the ground that the plaintiff had regarded the partnership agreement as never having gone into effect or as having been cancelled; and that part of the matters in dispute had been settled by a subsequent agreement between the parties.

IN equity. Decree dismissing the bill. Complainant appealed. The case is stated in the opinion of the court.

*Mr. Henry E. Davis,* appellant, in person.

*Mr. John Paul Jones* for appellee. '*Mr. Heber J. May* was with him on the brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity brought in the Supreme Court of the District of Columbia, in April, 1881, by Henry E. Davis, administrator *de bonis non* of Philip B. Fouke, deceased, against John J. Key. The object of the bill is to obtain an accounting from Key as to transactions between him and Fouke under an alleged partnership between them, entered into by a written agreement made September 24th, 1869.

On the 10th of August, 1869, Key and Fouke, with one Hays and one De Castro, entered into a written agreement of copartnership, as follows :

" Articles of copartnership entered into between John J. Key, of the city of Terre Haute, State of Indiana; Philip B. Fouke, now of the city of New Orleans, State of Louisiana ; H. T. Hays and J. O. De Castro, both of the city of New Orleans, State of Louisiana.

" It is agreed between said parties, that a copartnership is this day formed between them, for the purpose of prosecuting claims in behalf of the citizens of the United States of America against the Government of Mexico and of citizens of the Government of Mexico against the Government of the United States of America.

"It is agreed between said parties, that the said Fouke, Hays and De Castro shall procure claims of citizens of the respective governments named against the other, and attend to taking the necessary proof, and that the said claims shall be sent to said Key, at Washington City, accompanied with a power of attorney from the claimant authorizing said Key to prosecute said claims, and authorizing him to receive from said governments any and all amounts that may be due and coming to them.

"That said Key shall retain all fees, as agreed on by said parties, and shall pay over to said parties, acting in the capacity of special attorneys for that purpose of the claimant, the amount due to them as such special attorneys, both for the amount awarded the claimant and for fees due Hays, Fouke, and De Castro in the case, either at Washington, New York, or New Orleans, as he may be directed from time to time by either Hays, Fouke, or De Castro, acting as the special agent of the claimant, whose power as such in all cases sent by them is, to all intents and purposes, recognized by the parties to this contract.

"That said Key shall retain, in all cases when no special direction is given, the portion due to said firm, paying over to the other parties at once, or accounting in such manner as they may from time to time direct, for the proportion of the fees so retained.

"It is agreed that all fees received under this copartnership shall be divided, one-half part to said Key and the other half-part to said Fouke, Hays, and De Castro.

"Said Key is to remain at Washington City, said Hays at New Orleans, said De Castro to be in the city of Mexico, and said Fouke is to render his services wherever they shall be needed.

"In witness whereof we have hereunto set our hands and seals this 10th day of August, 1869.

"JOHN J. KEY.      [SEAL.]
"P. B. FOUKE.      [SEAL.]
"HARRY T. HAYS.    [SEAL.]
"J. O. DE CASTRO.  [SEAL.]"

On the 24th of September, 1869, Fouke and Key executed the following agreement:

"Articles of copartnership entered into between Philip B. Fouke and John J. Key.

"It is agreed between said parties that a partnership be this day formed between them, for the purpose of practising law in the city of Washington, District of Columbia, and that partnership shall be equal.

"It is agreed each party shall give their undivided attention to the business, and that said business embraces all matters pertaining to the profession of the law, including prosecution of claims against the Government of the United States, either before Congress or the Court of Claims. Neither party shall have the right to use the name of the firm except in such matters as pertain to the business of attorneys.

"It is understood and agreed that all sums received by said Key or Fouke under an agreement of partnership heretofore formed by said Key, Fouke, H. T. Hays, and J. O. De Castro shall be equally divided by said Fouke and Key.

"It is agreed that an account of expenses shall be kept between said parties pertaining to their business, (except that part in prosecuting claims under the treaty of July 4th, 1868, between the United States and Mexico,) and all sums received by either partner from their business, and all sums retained by either party, shall be entered on a book kept for that purpose, and the same shall be subject to the control of both.

"It is agreed that this copartnership shall continue until the 24th day of September, 1871, unless dissolved by mutual consent.

"In witness whereof we have, this 24th day of September, 1869, set our hands and seals.

"P. B. FOUKE. [SEAL.]
"JOHN J. KEY. [SEAL.]"

The bill alleges that certain business was conducted by Fouke and Key, pertaining to the profession of the law, and within the scope of the agreement of September 24th, 1869,

and that no accounting has been had in regard to it, although moneys were received by Key on account of it.

Two defences are set up in the answer of Key: (1) that, in April, 1870, Fouke accepted the appointment of Public Administrator for the Parish of Orleans, in the State of Louisiana, and thereafter resided in New Orleans, and did not practise law in the city of Washington, and that the copartnership formed by the agreement of September 24th, 1869, was dissolved by the mutual assent of the parties; (2) that, by a written instrument, dated November 5th, 1875, executed by Fouke and Key, and by Hays and De Castro, and by the clients interested in claims successfully prosecuted under the copartnership articles of August 10th, 1869, all matters between Fouke and Key, in respect to such claims, were settled and adjusted.

A replication was filed to the answer, and proofs were taken, and the cause was heard in the first instance by the General Term. It dismissed the bill, and the plaintiff has appealed to this court.

It appears that Fouke never complied with the terms of the agreement of September 24th, 1869. The copartnership was to continue until the 24th of September, 1871, unless dissolved by mutual consent. From April 2d, 1870, until after the latter date, Fouke remained in New Orleans, discharging the duties of the office of Public Administrator there, did not practise law in the city of Washington, and did not give his undivided attention to the business of the copartnership. He returned to Washington in 1872 or 1873, and died there October 3d, 1876, without having attempted to enforce the agreement of September 24th, 1869. The evidence satisfies us that he regarded that agreement as never having gone into effect, or as having been cancelled. We are also of opinion, that any claim under that agreement is inconsistent with the terms of the instrument of November 5th, 1875, executed by Fouke and Key with other parties, so far as the matters covered by that instrument are concerned.

*The decree of the court below is affirmed.*